UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-cv-24879-RKA

VALENCIA ESTATES HOMEOWNERS'
ASSOCIATION, INC., a Florida
not-for-profit corporation,

    Plaintiff,

vs.

ELIZABETH HAZAN, et al.,

    Defendants.

_____/

**PLAINTIFF'S SECOND MOTION TO REMAND CASE TO
STATE COURT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Valencia Estates Homeowners' Association ("Plaintiff" or the "Association"), by and through undersigned counsel, hereby moves for a second order remanding this action to the Circuit Court of the 11th Judicial Circuit in Miami-Dade County, Florida ("State Court") where Plaintiff initiated the Original Proceeding styled, *Valencia Estates Homeowners' Association, Inc.,* plaintiff*, vs. Elizabeth Hazan, et al.*, defendants, Case No. 2022-005424-CA-01(the "Original Proceeding"). In support thereof, Plaintiff states as follows:

**INTRODUCTION**

This is the second attempt by defendants to remove this matter to this Court in a clear, frivolous, and sanctionable attempt to delay the Original Proceeding. Defendant Sean Meehan ("Meehan"), either the spouse or former spouse of defendant Elizabeth Hazan ("Hazan"), removed this matter for a second time mere hours before a long-scheduled special set hearing in the Original Proceeding, a garden variety residential foreclosure of a homeowners' association lien, to dismiss the defendants' counterclaims, to strike defendants' affirmative defenses, and for summary

1

judgment of foreclosure. Previously, on December 18, 2023, Meehan and Hazan previously filed a notice of removal and initiated Case No.: 1:23-cv-24780-DPG ("First Removal Action") before The Honorable Darrin P. Gayles, who found that "Defendants cannot show jurisdiction is proper under any basis." *See* Order (DEFA#30)[1] ("Remand Order") entered in the First Removal Action.

To be clear and in addition to Judge Gayles' ruling, Meehan's second removal to this Court was improper and untimely, as the second removal occurred **996 days** after Plaintiff initially filed its Complaint (as defined below). Meehan and Hazan, in the effort to delay and manipulate the Original Proceeding, again seek to remove the Original Proceeding to federal court notwithstanding the fact that this removal is improper as it is: (i) a second removal based on the same allegations of jurisdiction; (ii) untimely under 28 U.S.C. § 1446; (iii) lacks diversity under 28 U.S.C. § 1332; and (iv) is unrelated to the prior bankruptcy proceedings. Plaintiff, through the Original Proceeding, seeks to collect monies for unpaid assessments and to foreclose its lien under Florida law that occurred after Hazan's bankruptcy case, has been constantly hindered by Meehan and Hazan's actions. Plaintiff seeks to have the Original Proceeding adjudicated on the merits and requests that this Court remand these proceedings on an expedited basis.

Lastly, Plaintiff seeks an award against the Defendants in the amount of attorneys' fees and costs incurred in responding to the removal and obtaining remand of the proceedings.

## BACKGROUND

### A. Parties

1. The Association is a Florida corporation not-for-profit, operating pursuant to the provisions of Chapter 720, Florida Statutes. The Association is responsible for managing the affairs of Valencia Estates, a residential community in Miami-Dade County, Florida, pursuant to

---

[1] "DEFA#" shall denote filings in the First Removal Action.

its Declaration of Covenants and Restrictions ("Declaration"), recorded in the Public Records of Miami-Dade County, Florida, on February 6, 2003, at ORB 21004, Page 390, as amended from time to time.

2.  Hazan is the owner of the property located at 6913 Valencia Drive, Fisher Island, FL 33109 ("Subject Property") and as such is a member of Plaintiff. As the owner of the Subject Property, Hazan is subject to the Declaration and a member of Plaintiff.

3.  Meehan—Hazan's former spouse[2]—lists his current address on the Second Removal Notice (as defined below) as the Subject Property.

4.  6913 Valencia, LLC ("6913 Valencia") is a Florida limited liability company that is believed to still own and hold a second mortgage on the Subject Property, recorded in the public records of Miami-Dade County, Florida. According to online Florida public records, Defendant 6913 Valencia's Manager and Authorized Representative is Hazan. On April 30, 2024, Hazan, as manager of 6913 Valencia, filed its 2024 Florida limited liability company annual report where it stated that both its principal place of business and its current mailing address are located at the Subject Property, which is subject to the Declaration. *See* **Exhibit 1**.

5.  Defendants, and 6913 Valencia, hold or may claim to hold interests to the Subject Property which is located in Miami-Dade County, Florida.

6.  Pursuant to Fla. Stat. § 720.3085 and Article 6 of Plaintiff's Declaration, Hazan is required to pay all assessments that are levied by Plaintiff against the Subject Property as they become due and payable.

**B.  Hazan's Bankruptcy Case**

---

[2] Per Defendants' answers and amended answers, Meehan is Hazan's former spouse. *See* Answer ¶ 4; Amended Answer ¶ 4.

7. On or about January 11, 2016, Hazan filed for Chapter 11 bankruptcy in the Southern District of Florida, Case No. 16-10389-AJC ("Bankruptcy Action").

8. In the Bankruptcy Action, Plaintiff and Hazan entered into an agreement regarding Plaintiff's claim for past-due assessments and related charges due at that time. The Stipulation of Settlement for Claim 10 executed by Plaintiff and Hazan on or about August 17, 2016, and approved by the Bankruptcy Court on November 17, 2016 (DEB#302)[3] (hereinafter collectively the "Stipulation"), required Hazan to continue to pay all post-petition, ongoing monthly and/or special assessments to Plaintiff. Failure to pay such amounts entitles Plaintiff to "all rights under its Recorded Declaration, including but not limited to the right to file a new lien for Ongoing Maintenance and file a new Complaint to foreclose upon same." *See* **Exhibit 2**.

9. After approval of the Stipulation, Hazan incorporated by summary the terms of the Stipulation in her Fourth Amended Plan of Reorganization (DEB#563) (the "Plan"). *See* **Exhibit 3**. Specifically, the Plan incorporates the Stipulation. *See* Plan, pg. 11.

10. The Plan was subsequently confirmed on or about June 12, 2018. *See* Order Confirming Plan of Reorganization (DEB#691) ("Confirmation Order"). *See* **Exhibit 4**.

11. As a result of the Stipulation, Plan, and Confirmation Order, Plaintiff has the right to post-Confirmation Order assessments and related charges.

C. **Assessments after Hazan's Bankruptcy Case**

12. On or about January 4, 2021, and in accordance with Fla. Stat. § 720.3085, Plaintiff, by and through counsel, sent Hazan, by regular U.S. and certified mail, return receipt requested, and via e-mail, a Notice of Intent to File/Record a Claim of Lien ("Notice of Intent to Lien") to the Subject Property. The Notice of Intent to Lien was delivered and signed for on January 14,

---

[3] "DEB#" shall denote filings in the Bankruptcy Action.

2021. Hazan failed or otherwise refused to pay the amounts set forth in the Notice of Intent to Lien within forty-five (45) days thereof.

13. On or around February 19, 2021 and in response to the Notice of Intent to Lien, Hazan sent an email to Plaintiff's counsel stating that she objected to all amounts sought by Plaintiff as due and owing on the Subject Property.

14. On or about March 5, 2021, Plaintiff responded to February 19, 2021 email on March 5, 2021.

15. On March 24, 2021, Plaintiff recorded a Claim of Lien against the Subject Property in ORB 32413 at Pages 4637-38, of the public records of Miami-Dade County, Florida (the "Claim of Lien").

16. On or about April 5, 2021, Plaintiff, by and through its counsel, sent Hazan, by regular U.S. and certified mail, return receipt requested, and via e-mail, a Notice of Intent to Foreclose Claim of Lien ("Notice of Intent to Foreclose") to the Subject Property, which is also Hazan's last address on file with Plaintiff.

17. Between April 5, 2021 and April 8, 2021, Hazan sent further emails to Plaintiff's counsel to further dispute the amounts sought by Plaintiff.

18. Plaintiff responded to Hazan's April 5, 2021 and April 8, 2021 emails on April 19, 2021.

19. On February 7, 2022, Plaintiff sent Hazan, by regular U.S. and certified mail, return receipt requested, and via e-mail, a Supplemental Notice of Intent to Foreclose Claim of Lien ("Supplemental Notice of Intent to Foreclose") to the Subject Property, which is also Hazan's last address on file with Plaintiff.

**D. Procedural History of Original Proceeding and First Removal Action**

20. On March 23, 2022, Plaintiff filed its complaint in the Original Proceeding (the "Complaint"). *See* **Exhibit 5**. The Complaint asserts two counts for foreclosure of lien and breach of Declaration. The Complaint expressly states that the time period of the assessments being sought is from August 2019 to the present date. The litigation in the Original Proceeding illustrates the ongoing and hallmark delay tactics of the Defendants.

21. On April 29, 2022, Hazan and Meehan were validly served via personal service of process pursuant to Section 48.031(1)(a), Florida Statutes and were placed on notice of the claims against them by delivery of true copies of the Civil Actions Summons, Notice of Lis Pendens, and Complaint with Exhibits at their usual place of abode at 6913 Valencia Drive, Fisher Island, FL 33109. As reflected on the Returns of Service, 6913 Valencia was also served with process at that time through Hazan as its Registered Agent pursuant to Florida Statutes § 48.062(1).

22. On June 9, 2023, the State Court denied Defendants' motion to dismiss.

23. On July 10, 2023, the Defendants filed their Answer, Affirmative Defenses, and Counterclaim.

24. On July 20, 2023, Plaintiff filed its motion to strike Defendants' affirmative defenses.

25. On July 20, 2023, Plaintiff filed its motion to strike dismiss Defendants' counterclaim affirmative defenses.

26. On December 18, 2023, the Defendants improperly removed the Original Proceeding pursuant to a first Notice of Removal ("First Removal Notice") to federal court in the First Removal Action. *See* **Exhibit 6.**

27. On March 5, 2024, Judge Gayles's entered the Remand Order. *See* **Exhibit 7**.

28. On June 18, 2024, Plaintiff filed its motion for summary judgment and affidavit in

6

support.

29. On July 18, 2024, Plaintiff filed its notice of non-jury trial.

30. On July 19, 2024, Plaintiff its amended motion for summary judgment and amended affidavit in support (collectively "Amended MSJ").

31. On August 8, 2024, Defendants filed affidavits in opposition to the Amended MSJ and memorandums in opposition to the Amended MSJ

32. On August 16, 2024, Defendants filed their Answer, Amended Affirmative Defenses, and Amended Counterclaims.

33. On August 24, 2024, Plaintiff filed a reply in support of the MSJ, a motion to strike Defendants' Amended Affirmative Defenses ("Motion to Strike"), a motion to strike a filing by 6913 Valencia, a motion to dismiss Defendants' Amended Counterclaims ("Motion to Dismiss"), along with other relief.

34. On October 16, 2024, Plaintiff set the Amended MSJ, Motion to Strike, Motion to Dismiss, and other pleadings for a special set hearing ("Hearing").

35. A few hours before the MSJ Hearing, Meehan filed the Second Removal Notice ("Second Removal Notice"). The Second Removal Notice improperly argues that the Original Proceeding should be removed because: (i) there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00 under 28 U.S.C. § 1332; (ii) the Original Proceeding is "related to" two bankruptcy proceedings and should be removed pursuant to 29 U.S.C. § 1452 and 28 U.S.C. § 1334; and (iii) that all procedural requirements are satisfied to remove the Original Proceeding have been satisfied pursuant to 28 U.S.C. § 1446. The Second Removal Notice further makes irrelevant legal arguments unrelated to removal jurisdiction. These bases are false and legally invalid. The case should be remanded to the Circuit Court for the 11th Circuit of Miami-

Dade County Florida.

## MEMORANDUM OF LAW

### A. Standard for Removal Based on Lack of Diversity Jurisdiction

"Federal district courts are courts of limited jurisdiction." *Cassella v. Travelers Home & Marine Ins. Co.*, No. 8:20-cv-1558-T-36TGW, 2020 U.S. Dist. LEXIS 185536, at *5 (M.D. Fla. Oct. 7, 2020) (*citing Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260-61 (11th Cir. 2000)); *see also Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1279 (11th Cir. 2001) ("Federal courts are courts of limited jurisdiction and are required to inquire into their jurisdiction"). 28 U.S.C. § 1441 states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) . Federal courts must construe removal statutes strictly. *See Sygenta Crop Protection Inc. v. Henson*, 537 U.S. 28, 32 (2002). "[R]emoval procedures are strictly construed against the party seeking removal." *Bank of N.Y. Mellon as Tr. to JPMorgan Chase Bank, N.A. v. Allen*, 19-CV-62182-MGC, 2020 WL 5164206, at *1 (S.D.Fla. Aug. 31, 2020); *see Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir.1998) ("We construe removal jurisdiction narrowly and resolve any doubts regarding the existence of federal jurisdiction in favor of the non-removing party, in this case the plaintiff[]").

A state court action may be removed to federal court when the federal court has diversity jurisdiction or federal question jurisdiction. *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a)(1)-(3). 28 U.S.C. § 1332(c)(1) states in relevant part that "a corporation shall be deemed to be a citizen

of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…"28 U.S.C. § 1332(c)(1)  (emphasis added).

28 U.S.C. § 1446, Procedure for removal of civil actions states the following:

(b) Requirements; generally.

(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …

…

(c) Requirements; removal based on diversity of citizenship.

(1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

(2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy…

28 U.S.C. § 1446(a)(1), 28 U.S.C. § 1446(c)(1)-(2).

"When a defendant removes an action to federal court on diversity grounds, a court must remand the matter to state court if complete diversity is lacking between the parties or if any of the properly served defendants are citizens of the state in which the suit was filed." *CSDVRS, LLC v. Purple Communications, Inc.*, 979 F. Supp. 2d 1302, 1305 (M.D. Fla. 2013); *see also* 28 U.S.C. §1441(b) . Meehan and Hazan bear the burden of establishing that the jurisdictional requirements. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("the party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction"); *see also Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties.").  All doubts

should be resolved in favor of remand to state court. *See Univ. of South Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir.1999).

When a defendant fails to meet this burden, as Meehan and Hazan do here, the case must be remanded. *See CSDVRS*, 979 F. Supp. 2d at 1321 ("Federal courts are directed to construe removal statutes strictly, resolve all doubts about jurisdiction in favor of remand, and employ a presumption in favor of remand."); *see also Jones v. Honeywell Int'l, Inc.*, 385 F. Supp. 2d 1268, 1269 (M.D. Fla. 2005) ("[T]he removal statute is construed strictly, precise compliance with prescribed procedure is required, and any fair doubt is resolved in favor of remand.").

**B. <u>The Second Removal Notice is Barred by the First Removal Action</u>**

Once a certified copy of a remand order is sent to the state court clerk, the federal district court no longer has jurisdiction over the case. *Seedman v. U.S. Dist. Court for Cent. Dist. of California*, 837 F.2d 413 (9th Cir. 1988); *New Orleans Public Service, Inc. v. Majoue*; 802 F.2d 166 (5th Cir. 1986). Further, after certification of an order of remand to state court a federal court cannot vacate a remand order nor can it reconsider its remand order. *Hunt v. Acromed Corp.*, 961 F.2d 1079 (3d Cir. 1992). Even erroneous remand orders cannot be vacated once entered. *Browning v. Navarro*, 743 F.2d 1069 (5th Cir. 1984).

It is axiomatic that remanding a case to state court terminates the jurisdiction of a federal district court over that case. *United States v. Rice*, 327 U.S. 742, 66 S.Ct. 835, 90 L.Ed. 982 (1946); *Hunt v. Acromed Corp.*, 961 F.2d 1079 (3d Cir. 1992); *Robertson v. Ball*, 534 F.2d 63, 66 n. 5 (5th Cir. 1976) ('[O]nce the federal district court considers the proper factors and decides to remand, the action should go forward in state court without the further delay of appeal, and without regard to whether the federal district court was correct or incorrect'). "[A] second removal petition based

on the same grounds does not "reinvest" the court's jurisdiction." *Seedman v. U.S. Dist. Court for Cent. Dist. of California*, 837 F.2d 413, 414 (9th Cir. 1988).

Defendants are effectively asking this Court to reconsider the Remand Order, which this Court cannot do. *In re Loudermilch*, 158 F.3d 1143 (11th Cir. 1998); *see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 637 F.2d 391 (5th Cir. 1981), *appeal after remand*, 675 F.2d 1169 (5th Cir. 1982) (party cannot attack remand order collaterally by bringing subsequent independent action involving same parties and claims as in original action); *In re La Providencia Dev. Corp.*, 406 F.2d 251, 253 (1st Cir.1969) ("[S]tate court proceedings are to be interfered with once, at most.... The action must not ricochet back and forth depending upon the most recent determination of a federal court").

Section 1447(d) states that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." This nonreviewability extends to the power of a district court to reconsider its own remand order.[4] *See Harris v. Blue Cross/Blue Shield of Alabama, Inc.*, 951 F.2d 325, 329-30 (11th Cir. 1992) ("Section 1447(d) not only forecloses appellate review, but also bars reconsideration ... by the district court of its own remand order." (citations omitted)).

The Court has already remanded this action for lack of jurisdiction in the First Removal Action. The Remand Order should stand and precludes Defendants' attempt to evade its findings. This case should, for a second time, be remanded to state court to proceed to resolution without further interference from the Defendants.

---

[4] Section 1447(d) applies to cases remanded, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction or removal defect. *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 116 S.Ct. 494 (1995); *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 346, 96 S.Ct. 584, 590, 46 L. Ed. 2d 542 (1976) ("[O]nly remand orders issued under section 1447(c) and invoking the grounds therein that removal was improvident and without jurisdiction are immune from review under section 1447(d)"). *See also, e.g., In re Uniroyal Goodrich Tire Co.*, 104 F.3d 322 (11th Cir. 1997).

### C. The Second Removal Notice is Untimely by Nearly Three (3) Years

To extent necessary, Plaintiff will re-address the basis for removal claimed by the Second Removal Notice. As the Second Removal Notice is a year after the initial removal, there is no question that the Second Removal Notice is untimely under 28 U.S.C. § 1446. As previously noted above, 28 U.S.C. § 1446 requires a notice of removal to "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading…" 28 U.S.C. § 1446(b)(1). Further, a case may not be removed under subsection (b)(3) on the basis of diversity "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1) .

Defendants incorrectly, again, contend that "ALL PROCEDURAL REQUIREMENTS ARE SATISFIED." *See* Second Removal Notice, pg. 5. This statement is unambiguously false under both Sections 1446(b)(1) and (c)(1). 28 U.S.C. § 1446(b)(1) and (c)(1). Plaintiff filed the Complaint on March 23, 2022. Hazan, Meehan, and 6913 Valencia were validly served via personal service of process pursuant to Florida Statutes § 48.031(1)(a) on April 29, 2022. Plaintiff, on the face of the Complaint, enumerated the specific amount in controversy. Nonetheless, the undisputed record evidences that the Second Removal Notice was filed on December 13, 2024, **996 days** after Plaintiff initially filed its Complaint, **959 days** after Plaintiff served Defendants, and **929 days** after Defendants were required to remove this action under 28 U.S.C. § 1446(b)(1).

Accordingly, the Court must remand this proceeding to the State Court.

### D. Removal is Improper Under 28 U.S.C. § 1332 for Diversity as the Parties are Not Diverse

Defendants also attempt to remove the Original Proceeding to federal court under 28 U.S.C. § 1332 by alleging that: (1) Plaintiff is a Delaware company; (2) 6913 Valencia's principals

12

are Canadian; (3) Meehan is a resident of New York; and (4) Hazan is a Canadian citizen. Each of these arguments are easily disposed of through the facts of the Original Proceeding.

Foremost and as previously admitted by Defendants, Plaintiff is a Florida corporation, operating pursuant to the provisions of Chapter 720, Florida Statutes. *See* Amended Answer, ¶ 2. Meehan and Hazan provided in the First Remand Notice that Hazan "is a ***resident of Miami-Dade County***, is therefore a ***citizen of Florida***." *See* First Remand Notice,¶ 3 (emphasis added). Further and specifically, the Remand Order found that "Plaintiff is a Florida corporation." *See* Remand Order, pg. 4. As Plaintiff is a Florida corporation, for the Court to have jurisdiction, "no Defendant can also be a citizen of Florida." *See* Remand Order, pg. 4.

Based on the fact alone that Plaintiff and Hazan are both citizens of Florida, this Court lacks jurisdiction as the parties are not diverse. Nonetheless, 6913 Valencia is registered as a Florida limited liability company. In fact, not only was 6913 Valencia incorporated in Florida, but on April 30, 2024, 6913 Valencia file its 2024 Florida limited liability company annual report where it stated that both its principal place of business and its current mailing address are located at 6913 Valencia Drive, Miami, Florida 33109. A limited liability company's citizenship is based upon its members. *See* Remand Order, pg. 5 (citing *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("To sufficiently allege the citizenship of [an LLC], a party must list the citizenships of all members of the limited liability company.")).

As such, it is undisputed that 6913 Valencia is a citizen of Florida pursuant to federal law. Further, just as in the First Removal Action , Defendants fail to allege evidence the actual the members, or citizen of the members, of 6913 Valencia necessary to carry their burden. *See* Remand Order, pg. 4-5 ("Defendants have not adequately alleged Valencia's citizenship by identifying the

13

citizenship of all its members. A limited liability company is based on the citizenship of its members—not its state of incorporation or its principal place of business").

Despite filing the false Second Remand Notice contradicting the First Remand Notice, both Hazan and Meehan are residents of the Subject Property and Miami-Dade County, Florida. Meehan lists his address as the Subject Property and admits that he is a resident of Miami-Dade County, Florida. *See* First Remand Notice; Second Remand Notice; Amended Answer. Hazan lists her address as the Subject Property. *See* First Remand Notice; Second Remand Notice; Amended Answer.

Meehan attempts to fabricate diversity by stating that he is, now, a resident of New York. *See* Second Remand Notice. However, "[a] person is a citizen of the state where he is domiciled—that is, 'the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom.'" *Tensley v. Sprint,* No. 8:23-cv-2878-WFJ-CPT, 2023 U.S. Dist. LEXIS 225336, at *5 (M.D. Fla. Dec. 19, 2023) (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1258 (11th Cir. 2002)). In Defendants' Amended Answer, Defendants state that Meehan "is believed to be a resident of Miami-Dade County, Florida and is otherwise *sui juris*." Further, Meehan lists his address as the Subject Property located in Miami-Dade County, Florida. The place of someone's birth is irrelevant to citizenship analysis under 28 U.S.C. § 1332 and as such, Defendants in the Original Proceeding are citizens of Florida under federal law. *See* First Remand Notice; Second Remand Notice; Amended Answer.

Accordingly, the Court must remand this proceeding to the State Court as there is no diversity between the parties.

E.  **The Original Proceeding is Not Related to a Bankruptcy Proceeding**

The Stipulation, as incorporated in the Plan and Confirmation Order, specifically provides for Plaintiff's right to seek past-due assessments and any related charges subsequent to the Bankruptcy Action. The Stipulation, as incorporated in the Plan and Confirmation Order, unambiguously requires Hazan to continue to pay all post-petition, ongoing monthly and/or special assessments to Plaintiff. Any failure by Hazan to pay such amounts entitles Plaintiff to "all rights under its Recorded Declaration, including but not limited to the right to file a new lien for Ongoing Maintenance and file a new Complaint to foreclose upon same." The rights preserved by the Stipulation, as incorporated in the Plan and Confirmation Order, are under the Declaration and Florida statute as opposed to a claim in a bankruptcy proceeding.

Even if the Stipulation, as incorporated in the Plan and Confirmation Order, did not provide for post-petition assessments, section 523(a)(16) of the Bankruptcy Code excepts from discharge all post-petition fees or assessments with respect to a debtor's interest in a lot in a homeowner's association. 11 U.S.C. § 523(a)(16). Specifically, 11 U.S.C. § 523(a)(16) states:

> (a) A discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title [11 USCS § 727, 1141, 1192, 1228(a), 1228(b), or 1328(b)] does not discharge an individual debtor from any debt—
>
> (16) **for a fee or assessment that becomes due and payable *after* the order for relief to a membership association** with respect to the debtor's interest in a unit that has condominium ownership, in a share of a cooperative corporation, or **a lot in a homeowners association**, for as long as the debtor or the trustee has a legal, equitable, or possessory ownership interest in such unit, such corporation, or such lot, but nothing in this paragraph shall except from discharge the debt of a debtor for a membership association fee or assessment for a period arising before entry of the order for relief in a pending or subsequent bankruptcy case;

All payments owed to the Association are due and payable after Hazan's order for relief in the Bankruptcy Action. Thus, even if Hazan had not entered the Stipulation, 11 U.S.C. § 523(a)(16)

15

would protect the Association's post-petition assessments and charges because the monies sought are due and payable after the order for relief.

In light of the plain language of the Stipulation and section 523(a)(16) of the Bankruptcy Code, Plaintiff has the unequivocal right to enforce the Declaration and collect all post-petition assessments. Per the Stipulation, as incorporated in the Plan and Confirmation Order, agreed to by Hazan and approved by the Bankruptcy Court to ensure that Plaintiff could enforce its post-petition rights to collect all post-petition, ongoing monthly and/or special assessments owed to Plaintiff pursuant to the Declaration and Florida law.

Accordingly, the Court should remand this proceeding to the 11th Judicial Circuit in Miami-Dade County, Florida.

F. **The Court Should Order Defendants Pay Plaintiff's Attorneys' Fees and Costs Pursuant to 28 U.S.C. § 1447(c).**

An "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). While such an award is within the Court's discretion, "[a]ssessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 140 (2005). When a removing party lacks an "objectively reasonable basis for seeking removal", fees should be awarded. *Id.* at 141. Attorneys' fees are especially appropriate "where the lack of jurisdiction is plain in the law and would have been revealed to counsel for the defendant with a minimum of research." *Hai Investments, LLC v. United Nat'l Ins. Co.*, 2015 WL 12778782, at *2 (S.D. Fla. Jan. 30, 2015); *City of Fort Lauderdale v. Scott*, 2010 WL 680842 (S.D. Fla. Feb. 18, 2010).

16

Here, Defendants had no objectively reasonable basis for removing the Original Proceeding for a second time. The Remand Order is clear that "there is no complete diversity of citizenship and, thus, no diversity jurisdiction." *See* Remand Order, pg. 4. Defendants had actual knowledge that there was no basis for federal jurisdiction. Instead, Meehan and Hazan forced this Court and Plaintiff to waste resources and time attending to this removal and remand. The Court should award Plaintiffs all attorneys' fees and related costs associated with removal and remand.[5]

## CONCLUSION[6]

**WHEREFORE**, Plaintiff respectfully requests that the Court grant this motion; on an expedited basis remand this action to the State Court for continuation of the Original Proceeding; award Plaintiffs all costs and expenses, including all attorneys' fees and costs, related to removal and remand; and grant Plaintiff such other relief at the Court deems just and proper.

Dated: December 16, 2024                    Respectfully Submitted,

**BARRY S. TURNER P.A.**
*Counsel for Plaintiff*
PO Box 330189
Miami, Florida 33233-0189
Phone: (305) 699-4392
Email: bt@bstpa.com

By:    /s/ *Barry S. Turner*
         Barry S. Turner, Esq.
         Fla. Bar No. 85535

---

[5] Plaintiff will submit evidence of its fees and costs once the Court rules on this motion.

[6] Plaintiff expressly reserves the right to amend or supplement this motion in the future.

## STATEMENT AS TO GOOD FAITH CONFERENCE

As this motion is in effect a request to dismiss this cause from this Court, Local Rule 7.1(a)(3) does not require that counsel meet and confer before filing. Nonetheless, on December 13, 2024, undersigned counsel emailed Hazan, Meehan and counsel for 6913 Valencia regarding this motion and provided a deadline of December 16, 2024 at 3:00 pm EST. On December 16, 2024, Meehan and Hazan emailed undersigned counsel but did not give their positions on this relief sought in this motion.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 16, 2024, I electronically filed the foregoing via CM/ECF and by automatic emails generated through the E-Filing Portal System and served the foregoing document on the following parties: Elizabeth Hazan, elizabeth9246qc@gamil.com; Sean Meehan, seannmeehan@gamil.com; and 6913 Valencia LLC c/o Joel Aresty, aresty@icloud.com, aresty@mac.com.

By:   /s/ *Barry S. Turner*
       Barry S. Turner, Esq.
       Fla. Bar No. 85535