UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-cv-24879-RKA

VALENCIA ESTATES HOMEOWNERS'
ASSOCIATION, INC., a Florida
not-for-profit corporation,

    Plaintiff,

vs.

ELIZABETH HAZAN, et al.,

    Defendants.

_____/

## NOTICE OF PENDING, REFILED, RELATED OR SIMILAR ACTIONS

Plaintiff, VALENCIA ESTATES HOMEOWNERS' ASSOCIATION (the "Association" or "Plaintiff"), by and through undersigned counsel and pursuant to Southern District of Florida Local Rule 3.8[1], files this Notice of Pending, Refiled, Related or Similar Actions and states as follows:

1. Pursuant to Local Rule 3.8 for the United States District Court for the Southern District of Florida and Internal Operating Procedure 2.15.00(C) for the United States District Court for the Southern District of Florida, Plaintiff provides notice of the following related or similar action:

| | |
|---|---|
| **Related Case Court:** | United States District Court for the Southern District of Florida |
| **Related Case Judge:** | The Honorable Darrin P. Gayles |

---

[1] Plaintiff's counsel is merely complying with his duties and obligations under Southern District of Florida Local Rule 3.8 to bring "prompt attempt" to the Court and opposing parties. This filing in no way serves as a waiver by Plaintiff to be subject to or consenting to the jurisdiction of this Court. Plaintiff is preparing and will concurrently file a motion to remand this matter to the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida.

| Related Case Number: | Case | 1:23-cv-24780-DPG |
|---|---|---|
| Related Style: | Case | *Valencia Estates Homeowners' Association, Inc.*, plaintiff, *vs. Elizabeth Hazan, et al.*, defendants, Case No. 2022-005424-CA-01 |

2.      For brief background, on December 13, 2024, Defendant Sean Meehan ("Meehan) removed litigation pending before the Circuit Court of the Eleventh Judicial in and for Miami-Dade County Florida styled as *Valencia Estates Homeowners' Association, Inc.,* plaintiff, *vs. Elizabeth Hazan, et al.*, defendants, Case No. 2022-005424-CA-01(the "Original Proceeding"). *See* Notice of Removal (ECF#1). The Original Proceeding was first filed on March 23, 2022. Meehan's Civil Cover Sheet, in the Section VI titled "Related/Re-Filed Case(s), did not indicate that this matter was a refiled, similar, or related to another case. *See* Notice of Removal (ECF#1).

3.      However, as listed above, Meehan and defendant Elizabeth Hazan previously filed a notice of removal and initiated Case No.: 1:23-cv-24780-DPG ("First Removal Action") before The Honorable Darrin P. Gayles.  The court in the in the First Removal Action remanded the matter back to the Original Proceeding holding that Court lacked original jurisdiction and that defendants improperly removed the Original Proceeding. Attached hereto as **Exhibit 1** is a true and correct copy of the Order entered in the First Removal Action.

4.      In compliance with the Local Rule 3.8 of the Local Rules for the Southern District to Florida and without waiving or consenting to the jurisdiction of this Court, Plaintiff submits that this action is a "similar action" to the First Removal Action as that term is used in the Southern District of Florida IOP 2.15.00(C). Specifically, Original Proceeding is the underlying state court litigation in both the First Removal Action and this action.

Dated: December 16, 2024                              Respectfully Submitted,

                                                      **BARRY S. TURNER P.A.**

*Counsel for Plaintiff*
PO Box 330189
Miami, Florida 33233-0189
Phone: (305) 699-4392
Email: bt@bstpa.com

By:  /s/ *Barry S. Turner*
　　　　Barry S. Turner, Esq.
　　　　Fla. Bar No. 85535

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 16, 2024, I electronically filed the foregoing via CM/ECF and by automatic emails generated through the E-Filing Portal System and served the foregoing document on the following parties: Elizabeth Hazan, elizabeth9246qc@gamil.com; Sean Meehan, seannmeehan@gamil.com; and 6913 Valencia LLC c/o Joel Aresty, aresty@icloud.com, aresty@mac.com.

By:  /s/ *Barry S. Turner*
　　　　Barry S. Turner, Esq.
　　　　Fla. Bar No. 85535

# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-cv-24780-DPG

**VALENCIA ESTATES HOMEOWNERS'
ASSOCIATION, INC.,**

      Plaintiff,

v.

**ELIZABETH HAZAN,** *et al.,*

      Defendants.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff Valencia Estates Homeowners' Association, Inc.'s ("Plaintiff") Motion to Remand to State Court ("Motion") [ECF No. 11]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is granted.

## BACKGROUND

On March 23, 2022, Plaintiff filed this action in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, against Defendants Elizabeth Hazan ("Hazan"), Sean Neil Meehan ("Meehan"), 6913 Valencia, LLC ("Valencia"), John Doe, and Jane Doe (collectively, "Defendants"). [ECF No. 8]. The Complaint asserts claims against Defendants for foreclosure of a lien and breach of a declaration, based on Defendants' alleged failure to pay assessments levied against the subject property. *Id.*

On December 18, 2023, Hazan, Meehan, and Valencia removed the action to this Court, arguing the Court has diversity jurisdiction under 28 U.S.C. § 1332. [ECF No. 1]. The Notice of Removal asserts that the amount in controversy exceeds $75,000 and that there is complete

1

diversity of citizenship as Valencia is owned by a Canadian entity, Hazan is a citizen of Florida, and Meehan was "born" in New York. *Id*. at 2. The Notice of Removal also states that a non-party, Selective Advisor Group, LLC, "is a Delaware LLC, with its principal place of business in Delaware." *Id*. According to the Notice of Removal, the Court also has jurisdiction based on a related bankruptcy case (Case No. 16-10389-PGH) (the "Bankruptcy Action")[1]. The Bankruptcy Action, according to Defendants, has two pending appeals (Case No. 17-cv-24127-DPG and Case No. 18-cv-22564-DPG).

Plaintiff filed the instant Motion arguing Defendants failed to meet their burden of establishing that removal was proper. [ECF No. 11]. Plaintiff asserts that, despite the allegations in the Notice of Removal, there is not complete diversity, the notice of removal is untimely, the amount sought in damages does not exceed $75,000, and this case is unrelated to the Bankruptcy Action. *Id*. Plaintiff also requests that the Court order Defendants to pay Plaintiff's attorney's fees and costs. *Id.*

In opposition, Defendants argue that they were prevented from removing the case any earlier because at the time the Complaint was initially filed in 2022, the amount in controversy did not exceed the jurisdictional threshold, and they could not "show the relation to a pending case under Title 11," but can do so now. [ECF No. 22].

## LEGAL STANDARD

Title 28, United States Code, Section 1441 permits a defendant to remove to federal court a civil case filed in state court if the federal court has original jurisdiction. A district court's original jurisdiction is limited to one of three types: "(1) jurisdiction under a specific statutory grant; (2)

---

[1] The Notice of Removal states, "This Court has jurisdiction over the original proceedings pursuant to 28 U.S.C." Although no statute section is provided, the Court assumes Defendants assert jurisdiction pursuant to 28 U.S.C. § 1334(b).

federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016) (quoting *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997)). Federal question jurisdiction exists over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists over a civil action in which the parties' citizenship is fully diverse and the amount in controversy exceeds $75,000, "assessed at the time of removal." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009); *see also* 28 U.S.C. § 1332(a). "The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction," *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012), and bears the burden of demonstrating that removal is proper, *see Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

Upon removal, 28 U.S.C. § 1447(c) "implicitly recognizes two bases upon which a district court may—and in one case must—order a remand: when there is (1) a lack of subject matter jurisdiction or (2) a defect other than a lack of subject matter jurisdiction." *Hernandez v. Seminole Cnty.*, 334 F.3d 1233, 1236–37 (11th Cir. 2003) (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1252–53 (11th Cir. 1999)). A district court considering a timely-filed motion for remand "has before it only the limited universe of evidence available when the motion to remand is filed—i.e., the notice of removal and accompanying documents." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213–14 (11th Cir. 2007). However, "the district court when necessary [may] consider post-removal evidence in assessing removal jurisdiction," such as "to establish the facts present at the time of removal." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 773 (11th Cir. 2010) (quoting *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 946, 949 (11th Cir. 2000)).

When considering a motion for remand, the district court must "'strictly construe[] the right

3

to remove' and apply a general 'presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand.'" *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (quoting *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001)). In so doing, a district court "should be equally vigilant to protect the right to proceed in the [f]ederal court as to permit the state courts, in proper cases, to retain their own jurisdiction." *Pretka*, 608 F.3d at 766 (quoting *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186 (1907)). If the removing party fails to bring forth sufficient evidence to establish that removal is proper, "neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Lowery*, 483 F.3d at 1214–15.

## DISCUSSION

### I. The Court Does Not Have Original Jurisdiction

Defendants removed this matter on the basis of diversity and bankruptcy jurisdiction. [ECF No. 1 at 2]. First, the Court only has diversity jurisdiction when the amount in controversy exceeds $75,000, and there is complete diversity of citizenship between the plaintiffs and the defendants. 28 U.S.C. § 1332(a). The parties do not dispute that Plaintiff is a Florida corporation. A corporation is considered "a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Therefore, for the Court to have diversity jurisdiction, no Defendant can also be a citizen of Florida.

In their Notice of Removal, Defendants concede that Hazan is a citizen of Florida. [ECF No. 1 ¶ 3]. Therefore, there is no complete diversity of citizenship and, thus, no diversity jurisdiction. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 366 (1978) ("[I]t is . . . congressionally mandated that diversity jurisdiction is not available when *any* plaintiff is a citizen of the same State as *any* defendant . . . .") (emphasis added). Importantly, Defendants have not

4

adequately alleged Valencia's citizenship by identifying the citizenship of all its members. A limited liability company is based on the citizenship of its members—not its state of incorporation or its principal place of business. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("To sufficiently allege the citizenship of [an LLC], a party must list the citizenships of all members of the limited liability company."). Defendant merely alleges that Valencia is owned by an unnamed Canadian entity; that is not enough.

Because it is clear that there is no complete diversity, it is unnecessary for the Court to discuss whether the jurisdictional threshold amount was met or whether removal was timely. However, Defendants' argument that the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1334 warrants discussion.

Defendants argue that because this action is related to the Bankruptcy Action, the Court has original jurisdiction. However, Defendants fail to explain how this action is related to the Bankruptcy Action in either their Notice of Removal or their opposition to the Motion. Plaintiff, on the other hand, states that during the Bankruptcy Action, Plaintiff and Hanzan entered into an agreement regarding Plaintiff's claim for past-due assessments and related charges (the "Stipulation"). [ECF No. 11 ¶ 15]. The Stipulation settled and addressed the prior debts owed to Plaintiff and required Hazan to continue to pay for future assessments after the closure of the Bankruptcy Action. *Id.* ¶ 16. Plaintiff's state court action was brought due to an alleged breach of the Stipulation regarding Defendants' failure to pay assessments issued after the Bankruptcy Action was closed. *Id.* ¶¶ 16–17; [ECF No. 8]. Thus, Plaintiff asserts that the state court action did not arise under, and is not limited by, the Bankruptcy Action. Furthermore, because the Bankruptcy Action has been closed since July of 2023, Plaintiff contends that this action cannot possibly affect the Bankruptcy Action. [ECF No. 24 at 6]. As Defendants have not challenged these assertions, the

5

Court accepts them as true.

Based on the foregoing, the Court finds that this action is unrelated to the Bankruptcy Action. *See* 28 § U.S.C. 1334(b); 1334(c)(2). This action began in state court based on a typical breach of contract claim, which is squarely within the realm of state law. And even if this action is generally related to the Bankruptcy Action, any subsequent determinations in this action will not impact the closed Bankruptcy Action. Thus, they are unrelated for purposes of conferring jurisdiction. *In re Big Daddy Guns, Inc.,* 651 B.R. 817, 825 (Bankr. N.D. Fla 2023) (In determining whether a proceeding is related to bankruptcy to confer federal jurisdiction, the Eleventh Circuit has held that "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.") (citing *Matter of Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990)). As such, this Court cannot exercise jurisdiction under 28 § U.S.C. 1334(b).

Because Defendants cannot show jurisdiction is proper under any basis, this Court must remand this case to state court.

## II. Attorney's Fees and Costs

The Court has also considered whether Plaintiff is entitled to attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Although Defendants improperly removed this action, the Court does not find that their arguments were objectively unreasonable. Therefore, Plaintiff's request for attorney's fees and costs is denied.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff Valencia Estates Homeowners' Association, Inc.'s Motion to Remand, [ECF No. 11], is **GRANTED**. This action shall be **REMANDED** to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

**IT IS FURTHER ORDERED** that the Plaintiff's request for an award of attorney's fees, costs, and sanctions pursuant to 28 U.S.C. § 1447(c), is **DENIED**. This action shall be **ADMINISTRATIVELY CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of March, 2024.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE